STEPHEN L. BRENNER, M.D., Appellant, v HARTFORD LIFE INSURANCE COMPANY, Respondent. [853 NYS2d 57]—

Under New York law, the incontestability provision contained in plaintiff's policy precludes the insurer from denying coverage beyond the two-year period (*see New England Mut. Life Ins. Co. v Doe*, 93 NY2d 122, 129 [1999]). However, under New Jersey law, it does not preclude denial of coverage on the ground that the insured concealed a known disability (*see Paul Revere Life Ins. Co. v Haas*, 137 NJ 190, 644 A2d 1098 [1994]). In view of the record evidence that plaintiff was aware of his preexisting degenerative condition and its effect on his ability to practice orthopedic surgery long before he applied for the disability in-

surance policy, under New Jersey law, his motion for summary judgment declaring that he is totally disabled within the meaning of the policy, that defendant is obligated to pay continuing benefits to him under the policy, and that his obligation to pay premiums is waived during the period of his disability was properly denied.

The documentary evidence establishes conclusively that New Jersey has the most significant relationship with the insurance policy transaction (*see Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.*, 36 AD3d 17, 21 [2006], *affd* 9 NY3d 928 [2007]). New Jersey was the place of contracting, the place of performance, the location of the subject matter of the contract, and plaintiff's domicile. The insurance application was executed in Emerson, New Jersey. The subject matter of the insurance contract, plaintiff's orthopedic surgery practice, was located in New Jersey, insofar as plaintiff was employed full-time by Orthopedic Sports & Medicine Associates in Emerson, New Jersey, and annual premium notices were sent there. Plaintiff's tax returns, driver's license and voter registration card all reflect a New Jersey address. Plaintiff used his New Jersey address on his insurance application and in filing a claim and filling out continuation-of-claim forms, and he received disability checks at his New Jersey residence.

Plaintiff's affidavit regarding his alleged "contacts" with New York lacks documentary support. Plaintiff proffered no evidence that he is a New York resident or that the disability policy was delivered in New York or the application completed in New York. Indeed, as indicated, the application was executed in Emerson, New Jersey.

We reject plaintiff's contention that application of New Jersey law in this case contravenes New York public policy concerning the interpretation of incontestability provisions. Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.